# CT Packing Slip

CT Corporation

**FedEx Tracking #:** 780287101529
**Created By:** Shivam Thaker
**Created On:** 03/02/2015 06:12 PM
**Recipient:**

**Bernard J Kelly**

| | |
|---|---|
| Title: | -- |
| Customer: | Lewis Tree Service, Inc. |
| Address: | 300 Lucius Gordon Dr |
| Email: | bkelly@lewistree.com |
| Phone: | 585-295-2434  Fax: 585-235-5864 |

**Package Type:** Envelope
**Items shipped:** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 52666522 | 15CVS28 | Lewis Tree Service, Inc. |

**EXHIBIT A**



**Service of Process Transmittal**
03/02/2015
CT Log Number 526665622

TO: Bernard J Kelly
Lewis Tree Service, Inc.
300 Lucius Gordon Dr
West Henrietta, NY 14586-9686

RE: **Process Served in North Carolina**

FOR: Lewis Tree Service, Inc. (Domestic State: NY)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Dean R. Carrico, Pltf. vs. Lewis Tree Service, Inc., Dft. |
| DOCUMENT(S) SERVED: | Summons, Return, Complaint |
| COURT/AGENCY: | Currituck County Superior Court, NC<br>Case # 15CVS28 |
| NATURE OF ACTION: | Personal Injury - Slip/Trip and Fall - 04/10/2012 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Raleigh, NC |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 03/02/2015 postmarked on 02/27/2015 |
| JURISDICTION SERVED: | North Carolina |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service |
| ATTORNEY(S) / SENDER(S): | Jeffrey L. Miller<br>2510 East Tenth Street<br>Greenville, NC 27858<br>252-364-8929 |
| ACTION ITEMS: | SOP Papers with Transmittal, via Fed Ex 2 Day, 780287101529<br>Image SOP<br>Email Notification, Bernard J Kelly bkelly@lewistree.com |
| SIGNED: | C T Corporation System |
| ADDRESS: | 150 Fayetteville St.<br>Box 1011<br>Raleigh, NC 27601 |
| TELEPHONE: | 919-821-7139 |

Page 1 of 1 / ST

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

MILLER & AUDINO LLP
ATTORNEYS AT LAW
2510 East Tenth Street
Greenville, North Carolina 27858



7013 2250 0002 0087 1912



US POSTAGE $06.48
Mailed From 27955
02/27/2015
0371A 0004184841

LEWIS TREE SERVICE, INC.
C/o Registered Agent – CT Corporation System
150 Fayetteville Street, Box 1011
Raleigh, NC 27601

2760129576Ø

| STATE OF NORTH CAROLINA | File No. 15 CVS 28 |
|---|---|
| CURRITUCK County | In The General Court Of Justice<br>☒ District ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| DEAN R. CARRICO | |
| Address | **CIVIL SUMMONS** |
| c/o 2510 East Tenth Street | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip | |
| Greenville, NC 27834 | G.S. 1A-1, Rules 3, 4 |
| VERSUS | |
| Name Of Defendant(s) | Date Original Summons Issued |
| LEWIS TREE SERVICE, INC. | |
| | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| LEWIS TREE SERVICE, INC. | |
| c/o Registered Agent - CT Corporation System | |
| 150 Fayetteville Street, Box 1011 | |
| Raleigh, NC 27601 | |

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date Issued | Time | ☒ AM ☐ PM |
|---|---|---|---|
| Jeffrey L. Miller | 1/30/15 | 11:23 | |
| 2510 East Tenth Street | Signature | | |
| Greenville, NC 27834 | *[signature]* | | |
| 252-364-8929 | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time | ☐ AM ☐ PM |
|---|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |

**NOTE TO PARTIES:** Many counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

AOC-CV-100, Rev. 6/11
© 2011 Administrative Office of the Courts

(Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | Name Of Defendant |
| --- | --- | --- |
| | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | Name Of Defendant |
| --- | --- | --- |
| | ☐ AM ☐ PM | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| | |
| --- | --- |
| Service Fee Paid<br>$ | Signature Of Deputy Sheriff Making Return |
| Date Received | Name Of Sheriff (Type Or Print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 6/11

© 2011 Administrative Office of the Courts

FILE NO. 15-CVS-28
FILM NO. _____

| | |
|---|---|
| NORTH CAROLINA<br>CURRITUCK COUNTY | IN THE GENERAL COURT OF JUSTICE<br>SUPERIOR COURT DIVISION |

DEAN R. CARRICO,      )
                      )
        Plaintiff     )
                      )
vs.                   )   COMPLAINT
                      )   (Negligence - Personal Injury)
LEWIS TREE SERVICE, INC.  )
                      )
        Defendant     )

COMES NOW the Plaintiff, complaining of the defendant, and states the following:

1. Plaintiff is a resident of Currituck County, North Carolina.

2. Defendant is a New York corporation registered and licensed to do business, and regularly engaged in doing business, in North Carolina. At all times concerned in this matter, the defendant was acting by and through its authorized employees, agents, and representatives in the conduct of its business in Currituck County, North Carolina.

3. The negligence and the damages as alleged in this action occurred in Currituck County, North Carolina.

4. During September and October 2012, the defendant was trimming trees near power lines in Currituck County, and specifically at and around the property owned and occupied by the plaintiff.

5. On or about 4 October 2012, during its tree cutting and trimming activities, the defendant negligently allowed hydraulic fluids to leak from its equipment and machinery onto the roof of a workshop building on plaintiff's property and onto the surrounding ground areas on plaintiff's property.

Page -1-

6. Plaintiff promptly notified Defendant's agents of the leak and the damage to his property.

7. Defendant's authorized agents acknowledged and admitted the defendant's negligence and undertook to clean up and remedy the damages done.

8. In their undertaking to clean up and remedy the damage to plaintiff's property, the defendant was negligent in the performance of its undertaking. Unknown to the plaintiff, though defendant's agents assured him the clean-up and repairs had been performed, the defendant left hydraulic fluid residue on and around the ground in the area of plaintiff's workshop building.

9. When plaintiff went to examine the roof clean up and repairs the defendant had assured him had been completed, plaintiff slipped on hydraulic fluid residue that had been left by defendant on the ground. The slip and fall caused plaintiff to suffer personal injury and damages.

10. Defendant owed a duty to plaintiff in the performance of its undertaking to clean up the hydraulic fluid spill it had negligently caused on plaintiff's property.

11. Defendant breached its duties and the standard of care owed to the plaintiff. It failed to reasonably and properly clean up its hydraulic fluid spill. It caused and left a residue of hydraulic fluid on the grounds and walking areas of the plaintiff's property which was slippery and unsafe to those walking in the area, and which was not readily or easily observed by plaintiff. It failed to warn plaintiff of the slippery condition it had left on plaintiff's property. Plaintiff slipped and fell as a direct consequence of the slippery condition created and allowed by the defendant.

12. The defendant's negligence and breach of its duties and standard of care were the proximate cause of substantial personal injury and damages suffered by the plaintiff.

13. As a proximate result and consequence of the defendant's negligence, plaintiff has suffered personal injuries that have required substantial medical treatment including surgery. Plaintiff's injuries are permanent.

14. Plaintiff is entitled to recover compensatory damages from the defendant for his personal injury, pain and suffering, mental anguish and upset, loss of income, permanent physical impairment, surgical scarring, and medical expenses.

WHEREFORE, plaintiff prays the Court as follows:

1. For a judgment and award of compensatory damages against the defendant in a sum exceeding $10,000.00.

2. For all costs of this action to be taxed to the defendant.

3. For a jury trial.

4. For such other relief as the Court deems proper.

This 15th day of January 2015.

Jeffrey L. Milley
Attorney for Plaintiff
2510 East Tenth Street
Greenville, NC 27858
(252) 364-8929
NC State Bar #6765

Page -3-