IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 2:15-CV-25-FL

| | | |
|---|---|---|
| DEAN R. CARRICO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LEWIS TREE SERVICE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion for partial summary judgment (DE 21) pursuant to Rule 56 of the Federal Rules of Civil Procedure. The motion has been fully briefed and the issues raised are ripe for ruling. For the reasons that follow, the defendant's motion is denied.

**BACKGROUND**

Plaintiff filed this action on January 30, 2015, in the Superior Court of Currituck County, North Carolina asserting claims for negligence under North Carolina law. Defendant removed the action to this court on June 24, 2015, pursuant to 28 U.S.C. §§ 1441 & 1446. Plaintiff asserts that he sustained various personal injuries, including injuries to his hip and shoulder, when he slipped on hydraulic fluid residue defendant left on his property in connection with tree trimming activity. Plaintiff seeks compensatory damages in an amount exceeding $75,000.

Discovery commenced on July 21, 2015, pursuant to this court's case management order ("CMO"). The CMO required the parties to disclose experts and required reports, if any, by February 10, 2016. On August 14, 2015, plaintiff served initial disclosures upon the defendant. Pursuant to Rule 26(a)(1)(A), plaintiff named as individuals likely to have discoverable information

"[t]he treating physicians of plaintiff" as "identified in the medical records previously supplied to the [d]efendant". (DE 27-16, 1) However, plaintiff did not identify his "treating physicians" by name, identify any expert witnesses, or produce any expert reports or summaries. Pursuant to the CMO, discovery concluded on May 10, 2016. Throughout the discovery period, neither party sought any protective orders or filed any motions to compel production of disclosures or documents.

Defendant filed the instant motion for partial summary judgment on June 13, 2016. In support of its motion, defendant argues that plaintiff violated Rule 26(a)(2) when plaintiff failed to provide an expert report or a summary of facts and opinions pertaining to the testimony of plaintiff's treating physicians. More specifically, defendant argues that, as sanction for plaintiff's failure to follow the procedures set forth in Rule 26, plaintiff should be barred from offering at trial any expert testimony from his treating physicians. Defendant further contends that without expert testimony, plaintiff cannot prove causation regarding injuries plaintiff sustained to his hip and shoulder, and, therefore partial summary judgment is required with respect to claims based upon such injuries.

**COURT'S DISCUSSION**

A.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of coming forward and demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party

2

for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B. Analysis

Rule 26(a) requires disclosure of the identity of expert witnesses that a party "may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Additionally, Rule 26(a) contemplates two categories of expert witnesses—those who are "retained," and those who are not. A "retained" expert is "specially employed to give expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). Retained experts must produce a written report containing information about opinions and exhibits the expert plans to offer at trial, including the factual basis for those opinions and the expert's qualifications. Id. Non-retained experts need not produce a written report, but a party who plans to call a non-retained expert as a witness at trial must, nonetheless, disclose a "summary of facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii).

Failure to file a compliant Rule 26(a) disclosure for an expert may result in exclusion of that expert's testimony pursuant to Rule 37(c)(1). See United States v. Davis, 690 F.3d 226, 257–58 (4th Cir. 2012). The rule states, in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court . . . may impose other appropriate sanctions.

Fed. R. Civ. P. 37(c)(1). In the Fourth Circuit, a district court has "broad discretion to determine whether nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis." S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003). In making this determination, a court must weigh the following factors:

(1)     [T]he surprise to the party against whom the witness was to have testified;
(2)     the ability of the party to cure that surprise;

3

>    (3) the extent to which allowing the testimony would disrupt the trial;
>    (4) the explanation for the party's failure to name the witness before trial; and
>    (5) the importance of the testimony.

Id. The first four factors relate to harmlessness, while the last factor relates mainly to substantial justification, and the court need not consider every factor. See, e.g., id. The burden of showing that non-disclosure was substantially justified or harmless lies with the non-disclosing party. See id. at 596.

Based on the foregoing standards, defendant argues that plaintiff was required to produce an expert report for his treating physicians under Rule 26(a)(2)(B) or, in the alternative, a summary of facts and opinions pursuant to which his treating physicians are expected to testify, under rule 26(a)(2)(C). Therefore, defendant argues, because plaintiff failed to disclose his treating physicians as experts witnesses, any expert testimony from these individuals is barred by Rule 37(c).

1. Rule 26(a)(2)(B) disclosures

The parties dispute whether Rule 26(a)(2)(B) requires a treating physician to submit an expert report. Although the Fourth Circuit has not addressed the issue in a published opinion, courts within the Fourth Circuit have held that "a treating physician is not required to submit a Rule 26(a)(2)(B) report where he or she is expected to testify to opinions formed during the course of treatment." Drennen v. United States, 375 Fed. Appx. 299, 306 (4th Cir. 2010) ("As a treating physician, Dr. Wolfe was not retained or specially employed to provide expert testimony in this case. The note accompanying the 1993 amendments to Rule 26 confirms that this is the proper interpretation of Rule 26."); see also Marr v. Abercrombie & Fitch Stores, Inc., No. 5:14-CV-00123-F, 2015 WL 3827326, at *1, *4 (E.D.N.C. June 19, 2015) (same); Hall v. Sykes, 164 F.R.D. 46, 48 (E.D.V.A. 1995) ("If a treating physician forms an opinion of the causation of an injury to a patient and the prognosis of the patient's condition during the treatment then such opinion may be expressed

4

by the treating physician without the necessity of a report under Fed. R. Civ. P. 26(a)(2)(B).") Thus, the weight of authority within the Fourth Circuit holds that a treating physician does not constitute a "retained expert" for purposes of Rule 26(a)(2)(B) when the subject of expert testimony encompasses opinions formed during the course of treatment. See Hall 164 F.R.D. at 48–49.

In support of a contrary position, defendant relies on two decisions from district courts outside the Fourth Circuit. Those courts held that, when a treating physician's testimony extends beyond diagnosis of injury and, instead, addresses causation, the physician must be classified as a "retained" expert. See Mem. in Support of Mot. for Summ. J. (DE 21-1) at 7 (citing Widhelm v. Wal-Mart Stores, 162 F.R.D. 591 (D. Neb 1995) and Thomas v. CONRAIL, 169 F.R.D. 1 (D. Mass. 1999). No court within the Fourth Circuit has adopted the foregoing position, and this court agrees with the weight of authority within the Fourth Circuit. Specifically, neither the text of Rule 26(a) nor the Advisory Committee notes accompanying the 1993 amendments that introduced the current version of Rule 26(a) draws a distinction between treating physicians who testify on the subject of causation and those who do not. See Fed. R. Civ. P. 26(a)(2). Instead, Rule 26(a) distinguishes between only "retained" experts who are "specially employed to provide expert testimony in the case" and all other experts. See id. Additionally, the Advisory Committee Note specifically states that "[a] treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." Fed. R. Civ. P. 26(a)(2) advisory committee's note.

In sum, based on the text of Rule 26(a) and prevailing authority within the Fourth Circuit, the court will not exclude testimony from plaintiff's treating physicians solely on the ground that plaintiff did not produce expert reports for his physicians in his disclosures, under Rule 26(a)(2)(B).

2. Rule 26(a)(2)(C) disclosures

As mentioned above, a party who expects to introduce testimony from an expert who is not

5

required to produce a written report under Rule 26(a)(2)(B) must disclose "the subject matter on which the expert is expected to present evidence under Federal Rule of Evidence 702, 703, or 705" and provide "a summary of facts and opinions to which the expert is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Plaintiff's disclosures failed to comply with this requirement.

Plaintiff argues that he complied with Rule 26(a)(2)(C) when he stated in his response to defendant's third interrogatory that he would use testimony from his treating physicians at trial and also gave defendant a "healthcare release authorization," which enabled defendant independently to obtain plaintiff's medical records, including records of care provided by treating physicians. In the alternative, plaintiff is willing to concede that his disclosures were inadequate while maintaining that the court should not exclude testimony from plaintiff's experts for other reasons.

Although plaintiff's answer to defendant's first and third interrogatories combined with his healthcare release authorization direct defendant's attention to the entirety of plaintiff's medical records for information about plaintiff's medical providers, this information alone is not sufficient under Rule 26. Specifically, one may not discharge the duty to provide "a <u>summary</u> of facts and opinions" simply by referring an opponent to the raw data that would have formed the basis for a summary report had one been prepared. <u>See</u> Fed. R. Civ. P. 26(a)(2)(C); <u>see also</u> <u>Marr</u>, 2015 WL 3827326, at * 5 (holding that disclosure was inadequate where a party disclosed a treating physician's name and summarized the subject matter of the physician's testimony without summarizing the physician's opinions). In sum, plaintiff's disclosures failed to comply with Rule 26(a)(2)(C).

3. Rule 37(c) exclusion

Based on plaintiff's failure to comply with the requirements of Rule 26(a)(2)(C), defendant requests that the court exclude all expert testimony from plaintiff's treating physicians. Plaintiff

6

counters that his failure to provide adequate disclosure is harmless and that a motion for partial summary judgment is an improper vehicle for defendant to seek further disclosure or discovery sanctions. On the facts of this case, the court agrees with plaintiff on both points.

Plaintiff's inadequate disclosures were harmless because defendant cannot claim that the existence of plaintiff's treating physicians came as a surprise. See S. States Rack and Fixture, 318 F.3d at 596. First, plaintiff's answers to defendant's interrogatories indicated that plaintiff received medical care as a result of his injuries and expected to offer his treating physicians' testimony at trial. (DE 27-17). Second, in light of Marr, in which another court in this district instructed defendant's counsel that the proper procedure by which to object to inadequate disclosure is a Rule 37(a) motion to compel disclosure, the inference is even stronger that defendant should not have been surprised by plaintiff's reliance on expert testimony from his treating physicians. 2015 WL 3827326, at * 7. As in Marr, it is difficult to escape the conclusion that, instead of simply asking plaintiff to supplement his disclosures or seeking intervention from the court through a motion to compel disclosure, defendant improperly "laid in wait, hoping that plaintiff's non-compliance would doom his ability to offer any expert testimony." Id.

Finally, although plaintiff's disclosures were inadequate, this inadequacy is susceptible to cure. See Southern States, 318 F.3d at 596. In fact, plaintiff has provided to the court a proposed supplemental disclosure that names plaintiff's treating physicians and summarizes the testimony these individuals would offer at trial. The court is satisfied that plaintiff's proposed supplemental disclosure discharges plaintiff's duties under Rule 26(a)(2)(C) and that no undue harm would occur by allowing plaintiff to supplement his disclosures with the proposed report.

In sum, based on the factors in Southern States, exclusion of proposed expert testimony is not warranted for purposes of the instant motion for summary judgment.

7

Case 2:15-cv-00025-FL   Document 30   Filed 10/31/16   Page 7 of 8

4. Summary Judgment

Defendant seeks summary judgment on plaintiff's claims for compensation for hip and shoulder injury on the basis that, upon exclusion of testimony by plaintiff's treating physician, plaintiff does not have adequate evidence of causation. Because defendant has not demonstrated a basis for excluding the proposed expert testimony at this juncture, summary judgment grounded upon inadequate evidence of causation with respect to plaintiff's shoulder and hip injuries is not warranted and must be denied.

## CONCLUSION

For the reasons set forth above, defendants' motion for partial summary judgment (DE 21) is DENIED. Plaintiff is DIRECTED to supplement his disclosures with his proposed Rule 26(a)(2)(C) report for witnesses within 14 days of this order. Defendant may file a motion to modify the court's CMO if it believes cause exists to extend discovery and dispositive motion deadlines in light of this order.

SO ORDERED, this the 31st day of October, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge